UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL NO.: 4:13CV-54-M

**TABITHA YADEN,**

*Plaintiff,*

vs.

**WELTMAN, WEINBERG AND REIS, CO., LPA; and DOES 1 through 10, inclusive,**

*Defendant*

Serve:
323 W. Lakeside Ave., Suite 200,
Cleveland, Ohio 44113

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *I. INTRODUCTION*

1. This is an action for statutory damages brought by Plaintiff, Tabitha Yaden, an individual consumer, against Defendant, Weltman, Weinberg and Reis, Co., LPA, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here.

## III. PARTIES

3. Plaintiff, Tabitha Yaden, is a natural person with a permanent residence in Leitchfield, Grayson County, Kentucky 42754.

4. Upon information and belief, the Weltman, Weinberg and Reis, Co., LPA, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 323 W. Lakeside Ave., Suite 200, Cleveland, Cuyahoga County, Ohio 44113. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

8. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

10. The representations made to Plaintiff by Defendant regarding garnishment were false.

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to place a lien on Plaintiff's home.

12. Defendant has no standing to commence attachment proceedings on behalf of the creditor.

13. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in attachment.

14. The representations made to Plaintiff by Defendant regarding attachment were false.

15. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, failed to send the required written communication to Plaintiff within the required time period.

16. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

17. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

19. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V. CLAIM FOR RELIEF

20. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (b) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the attachment of any property of any person when such action is unlawful and the Defendant does not intend to take such action; and

    (c) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

  (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

  (e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt.

22. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Tabitha Yaden, for statutory damages, costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Weltman, Weinberg and Reis, Co., LPA, for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k.

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

D. For such other and further relief as the Court may deem just and proper.

## VI. *DEMAND FOR JURY TRIAL*

PLEASE TAKE NOTICE that Plaintiff, Tabitha Yaden, demands trial by jury in this action.

DATED: May 15, 2013

RESPECTFULLY SUBMITTED,

By: /s/Shireen Hormozdi
Shireen Hormozdi (Bar No. 93993)
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Tel: 323-988-2400 x267
Fax: 866-929-2434
shireen@hormozdilaw.com
*Counsel for Plaintiff,*
*Tabitha Yaden*